# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Divinia Water, Inc.,<br><br>    Debtors. | **Bankruptcy Case<br>No. 21-40059-JMM** |
| Divinia Water, Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>Clear Blue Specialty Insurance, Co.,<br><br>    Defendant. | **Adv. Proceeding<br>No. 21-08012-JMM** |

## MEMORANDUM OF DECISION

Appearances:

    Brian Michael Rothschild, Salt Lake City, Utah, and Robert Burns, Boise, Idaho, counsel for Plaintiff.

    Alyson Foster, Boise, Idaho, counsel for Defendant.

### *Introduction*

Before the Court is a summary judgment motion filed by Divinia Water, Inc. ("Plaintiff"). Dkt. No. 26. Clear Blue Specialty Insurance Company ("Defendant") opposed the motion. Dkt. No. 28. The Parties submitted written memoranda in support of their respective positions. Dkt. Nos. 26, 28, & 35. The Court heard oral argument on the

MEMORANDUM OF DECISION – 1

motion on January 27, 2022, and thereafter took the motion under advisement. Dkt. No. 39. The Court has considered the record and the parties' submissions and arguments. This Memorandum Decision sets forth the Court's findings, conclusions, and reasons for its disposition of the motion. Rules 7052; 9014.[1]

### Facts

The facts relevant to resolving Plaintiff's summary judgment motion are relatively simple and straightforward.

Plaintiff is an Idaho corporation and is the debtor and debtor-in-possession in the above-referenced chapter 11 bankruptcy case pending before this Court. Plaintiff processes, bottles, and sells highly purified drinking water using a proprietary purification technique developed by its founder. Defendant's Response to Divinia's Statement of Undisputed Facts, Dkt. No. 28, Ex. 1 ¶¶ 1 & 5. Defendant is an insurance company licensed in Idaho with its principal place of business in North Carolina, Plaintiff is a citizen of the State of Idaho, and a substantial portion of the events giving rise to this claim occurred in Idaho. *Id.* at ¶¶ 2 & 3.

On or around December 11, 2019, Plaintiff purchased a Director and Officer Insurance Coverage Policy (D&O Policy) from Defendant that contained a policy period of December 11, 2019 through December 11, 2020, and provided $1,000,000 of director

---

[1] Unless otherwise indicated, all chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–86.

MEMORANDUM OF DECISION – 2

and officer coverage. *Id.* at ¶¶ 11, 12 & 15. Plaintiff's directors and officers, namely Steven Sedlmayr, Remy Sedlmayr, Crosby Sedlmayr, and Kiersten Sedlmayr Landers, are all covered "Team Members" as that term is defined in the D&O Policy. *Id.* at ¶ 17.

To obtain coverage, Plaintiff completed an application for insurance coverage provided by Defendant (the "Application"). The Application, incorporated into the D&O Policy, requested disclosure of any circumstances likely to result in a claim for coverage:

> Past claims
> - To your knowledge, are any of the following true:
> - Over the past three years, the company has been the subject of a lawsuit alleging a violation of any state, federal, or securities laws.
> - Over the past three years, the company has filed a claim for the coverage I am applying for.
> - *I am already aware of a specific circumstance that is likely to result in a claim under the coverage I am applying for*.

Dkt. No. 29, Ex. 14, p. 3 (emphasis added). Plaintiff answered "no" to all of these questions. *Id.* However, the Application also contains the following provision:

> *Any fact, circumstance or situation not disclosed above shall be excluded from coverage*. The undersigned agrees that if the information supplied on this Application changes between the date of this Application and the effective date of the insurance; that he/she will immediately notify the Insurer of such changes, and the Insurer may withdraw or modify any outstanding quotations or authorizations or agreements to bind the insurance.

*Id.* at 4.

Moreover, the D&O Policy itself contains several provisions relevant to the motion before this Court. The first provision provides:

XIV. Application

MEMORANDUM OF DECISION − 3

> You represent and acknowledge that the statements and information contained in the Application are true, accurate, and complete, and are the basis of this Policy and are to be considered incorporated into and constituting a part of this policy.
> This Policy is issued in reliance upon the truth and accuracy of the Application.
> If the Application contains misrepresentations or omissions that materially affect the acceptance of the risk or the hazard assumed by [Clear Blue], this Policy shall be void ab initio and shall not afford coverage for any Insured who knew on the inception date of this Policy the facts that were not truthfully disclosed in the Application, whether or not the Insured knew the Application contained such misrepresentation or omission.

Dkt. No. 29, Ex. 1, p. 21.

Another relevant section in the D&O Policy provides:

> IV. Exclusions
> For the purpose of determining the applicability of any Exclusion set forth in this Exclusions Section, the Wrongful Act or knowledge of any Team Member shall not be imputed to any other Team Member, and only the Wrongful Act or knowledge of the Chief Executive Officer or functionally equivalent of the Tech Startup shall be imputed to the Tech Startup. We shall not be liable under this Coverage Part to pay any Loss on account of that portion of any Claim made against You[.]

*Id.* at p. 32.

In June 2020, during the coverage period, Michael Breen and Ronald Mezzetta brought two state court actions ("Underlying Actions") against Plaintiff and Plaintiff's officers and directors, or Team Members, as individual defendants. *Id.* at ¶ 24 & 25. Breen and Mezzetta brought causes of action, among other things, for breach of contract, fraud, breach of fiduciary duty against the individual defendants, misappropriation of funds, unjust enrichment, unlawful distributions, fraudulent transfers, defamation, and minority shareholder oppression. *Id.* at ¶ 26. On December 11, 2019, on or around the

MEMORANDUM OF DECISION – 4

very same day Plaintiff purchased the D&O Coverage from Defendant, the plaintiffs in the Underlying Actions allegedly sent a demand letter to Plaintiff based on Plaintiff's conduct. Dkt. No. 29, Ex. 2, ¶ 28. Some of the causes of action in the Underlying Actions are based upon facts and circumstances that occurred before the D&O Coverage period began. *See generally* Dkt. No. 29, Ex. 2.

On November 4, 2020, Plaintiff provided Defendant with written notice of the Underlying Actions and Plaintiff's claim for a defense and coverage under the D&O Policy. *Id.* at ¶ 27. On January 27, 2021, Plaintiff filed its subchapter 5 petition. *In re Divinia Water, Inc.*, Case No. 21-08012-JMM (Bankr. D. Idaho 2021), Dkt. No. 1. On March 5, 2021, counsel for Plaintiff's directors and officers submitted invoices to Defendant seeking reimbursement for legal fees under the D&O Policy in the amount of $237,208.91. *Id.* at ¶ 32. Plaintiff made a demand that Defendant pay the full amount. *Id.* at ¶ 35.

After Defendant refused to honor the demand letter, Plaintiff commenced this adversary proceeding on March 31, 2021. *Id.* at ¶ 35. As of the date of this Decision, Defendant has not provided coverage, a defense, or reimbursement for Plaintiff or the individual defendants' costs and expenses incurred in the Underlying Actions. *Id.* at ¶ 37.

### *Arguments of the Parties*

In its motion, Plaintiff asks this Court to grant its motion for summary judgment on its First Claim for Relief, which seeks a Declaratory Judgment under 28 U.S.C. § 2201(a) that Defendant is obligated to pay Plaintiff the value of the reimbursable

MEMORANDUM OF DECISION – 5

invoices pursuant to Defendant's obligations set forth in the D&O Policy. *See* Plaintiff's Complaint, Dkt. No. 1, ¶¶ 30–32; Plaintiff's Motion for Summary Judgment, Dkt. No. 26, p. 7–8. Plaintiff also seeks summary judgment on its Second Claim for Relief for damages resulting from Defendant's breach of contract and breach of the covenant of good faith and fair dealing by failing to fulfill its obligations under the D&O Policy. Dkt. No. 1, ¶¶ 33–36; Dkt. No. 26, p. 8.

In response, Defendant argues that Plaintiff was aware of circumstances that could give rise to a claim, specifically the events that led to the Underlying Actions, at the time it had completed its Application. Defendant further asserts that Plaintiff is in violation of several provisions of the Application and D&O Policy and, thus, is not entitled to coverage. In other words, Defendant argues that, because Plaintiff did not disclose in its Application its knowledge of events that eventually gave rise to the Underlying Actions, Defendant does not need to reimburse Plaintiff's directors and officers for expenses incurred in defending the Underlying Actions under the D&O Policy because the D&O policy is void. Plaintiff argues that it had no duty to disclose the events leading up to the Underlying Actions in its Application for coverage, is not in violation of the Application or D&O Policy, and Defendant should therefore reimburse Plaintiff's officers and directors for their expenses.

### *Summary Judgment Standard*

Summary judgment may only be properly granted when no genuine issues of material fact exist and, when viewing the evidence most favorably to the non-moving

MEMORANDUM OF DECISION – 6

party, the movant is entitled to judgment as a matter of law. Civil Rule 56, incorporated by Rule 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). In resolving the motion for summary judgment, the Court does not weigh the evidence. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997). Rather, the Court must determine only whether a genuine, material factual dispute remains for trial. *Id.* An issue of fact is "genuine" if there is sufficient evidence for a reasonable finder of fact to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods.*, 247 F.3d at 992 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)). The moving party, here the Plaintiff, bears the initial burden of showing there is no genuine issue of material fact. *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000) (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)). However, if the non-moving party bears the ultimate burden of proof on an element at trial, then that party must prove that element in order to survive a motion for summary judgment. *Id.* (citing *Celotex*, 477 U.S. at 322–23).

If the moving party satisfies its initial burden, the non-moving party "must show more than the mere existence of a scintilla of evidence" or "some 'metaphysical doubt' as to the material facts at issue." *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897–98 (9th Cir. 2021) (citing *Nursing Home Pension Fund, et al. v. Oracle Corp., et al. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010)

MEMORANDUM OF DECISION − 7

(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986))).

Assertions that a fact is either undisputed or is genuinely in dispute must be supported through citation to specific portions of the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Lin v. Hunt (In re Hunt)*, 2021 WL 3669362 (Bankr. D. Idaho 2021) (citing *Cheirett v. Biggs (In re Biggs)*, 563 B.R. 319, 322 (Bankr. D. Idaho 2017); Civil Rule 56(c)(1); *Celotex*, 477 U.S. at 323).

### *Analysis and Disposition*

The Court will first address Plaintiff's breach of contract claim, followed by its claim for relief under 28 U.S.C. § 2201(a).

A.  <u>Breach of Contract/Covenant of Good Faith and Fair Dealing</u>

The general rules of contract law apply when interpreting insurance policies, subject to certain special canons of construction. *Clark v. Prudential Prop. & Cas. Ins. Co.*, 138 Idaho 538, 540, 66 P.3d 242, 244 (2003). The first step in interpreting and insurance policy, as with any contract, is to determine if any ambiguity exists in the plain language of the policy. *Martinez v. Idaho Counties Reciprocal Mgmt. Program*, 134 Idaho 247, 250, 999 P.2d 902, 905 (2000). If the policy language is clear and

MEMORANDUM OF DECISION – 8

unambiguous, coverage must be determined according to the plain meaning of the words used as a matter of law. *Mut. of Enumclaw Ins. Co. v. Roberts*, 128 Idaho 232, 235, 912 P.2d 119, 122 (1996). If the policy is reasonably subject to differing interpretations, however, the language is ambiguous and its meaning is a question of fact. *Moss v. Mid–America Fire and Marine Ins. Co.*, 103 Idaho 298, 300, 647 P.2d 754, 756 (1982).

Because insurance contracts are adhesion contracts typically not subject to negotiation between the parties, the general rule is that any ambiguity in the contract is construed most strongly against the insurer. *Farmers Ins. Co. of Idaho v. Talbot*, 133 Idaho 428, 432, 987 P.2d 1043, 1047 (1999) (citing *Mut. of Enumclaw Ins. Co. v. Roberts*, 128 Idaho at 235, 912 P.2d at 122). "The burden is on the insurer to use clear and precise language if it wishes to restrict the scope of coverage and exclusions not stated with specificity will not be presumed or inferred." *Clark v. Prudential Prop. & Cas. Ins. Co.*, 138 Idaho at 540–41, 66 P.3d at 244–45 (citing *Moss v. Mid–America Fire and Marine Ins. Co.*, 103 Idaho at 300, 647 P.2d at 756).

Unless the facts presented are undisputed, determining whether a breach of the terms of a contract occurred is a question of fact, as well as whether that breach is material. *City of Meridian v. Petra Inc.*, 154 Idaho 425, 443, 299 P.3d 232, 250 (2013) (citing *Borah v. McCandless*, 147 Idaho 73, 79 205 P.3d 1209, 1215 (2009)).

In the instant case, a material dispute of fact remains. There are two provisions identified by Defendant that are relevant to this dispute. The first provision is found in the D&O Policy itself, and provides:

MEMORANDUM OF DECISION – 9

> XIV. Application
> You represent and acknowledge that the statements and information contained in the Application are true, accurate, and complete, and are the basis of this Policy and are to be considered incorporated into and constituting a part of this policy.
> This Policy is issued in reliance upon the truth and accuracy of the Application.

Dkt. No. 28, Ex. 1, ¶ 44. Plaintiff does not necessarily dispute that this paragraph is germane to the contest at hand, but expressly agrees with Defendant that another section of the D&O Policy is relevant. Dkt. No. 35, p. 5. That section provides:

> IV. Exclusions
> For the purpose of determining the applicability of any Exclusion set forth in this Exclusions Section, the Wrongful Act or knowledge of any Team Member shall not be imputed to any other Team Member, and only the Wrongful Act or knowledge of the Chief Executive Officer or functionally equivalent of the Tech Startup shall be imputed to the Tech Startup. We shall not be liable under this Coverage Part to pay any Loss on account of that portion of any Claim made against You[.]

Dkt. No. 28, Ex. 1, ¶ 45. Moreover, Plaintiff argues that it had no duty to answer "yes" to any of the questions in the Application for coverage, whereas Defendant argues the opposing position: Plaintiff had a duty to answer "yes" on the Application since it was aware of circumstances that could give rise to a future claim and, because it did not, Defendant is not required to provide coverage for the underlying claims.

In addition to the D&O Policy, Plaintiff completed the Application for insurance coverage. The Application, incorporated into the D&O Policy, requested disclosure of any circumstances likely to result in a claim for coverage:

> Past claims
> - To your knowledge, are any of the following true:

MEMORANDUM OF DECISION − 10

- Over the past three years, the company has been the subject of a lawsuit alleging a violation of any state, federal, or securities laws.
- Over the past three years, the company has filed a claim for the coverage I am applying for.
- *I am already aware of a specific circumstance that is likely to result in a claim under the coverage I am applying for*.

Dkt. No. 29, Ex. 14, p. 3 (emphasis added). Plaintiff answered "no" to all of these questions. *Id.*

The Court finds that a material dispute of fact remains for trial. Recall that, if the policy is reasonably subject to differing interpretations, the language is ambiguous and its meaning is a question of fact. *Moss v. Mid–America Fire and Marine Ins. Co.*, 103 Idaho at 300, 647 P.2d at 756. The parties have differing interpretations of the provision that states, "I am already aware of a specific circumstance that is likely to result in a claim under the coverage I am applying for." Defendant essentially argues that this provision means that Plaintiff affirmatively stated that it was not aware of *any* circumstances likely to give rise to a claim. In contrast, Plaintiff argues for a more narrow interpretation of the provision, arguing that Defendant must show that Plaintiff knew of a *specific* circumstance that would likely result in a claim, not just any circumstance that has some possibility of giving rise to a claim in the future. At first blush, Plaintiff's argument seems to hold water. However, the Application also contains the following provision:

> *Any fact, circumstance or situation not disclosed above shall be excluded from coverage.* The undersigned agrees that if the information supplied on this Application changes between the date of this Application and the effective date of the insurance; that he/she will immediately notify the Insurer of such changes, and the Insurer may withdraw or modify any

MEMORANDUM OF DECISION − 11

> outstanding quotations or authorizations or agreements to bind the insurance.

Dkt. No. 29, Ex. 14, p. 4 (emphasis added). In addition, the D&O Policy also contains this provision:

> If the Application contains misrepresentations or omissions that materially affect the acceptance of the risk or the hazard assumed by [Defendant], this Policy shall be void ab initio and shall not afford coverage for any Insured who knew on the inception date of this Policy the facts that were not truthfully disclosed in the Application, whether or not the Insured knew the Application contained such misrepresentation or omission.

Dkt. No. 29, Ex. 1, p. 21.

These provisions are certainly broader than the "specific circumstance" provision identified above. These contrary provisions found in the Application and D&O Policy create an ambiguity and, therefore, the meaning of these two provisions taken together is a question of fact to be resolved at trial. *Moss v. Mid–America Fire and Marine Ins. Co.*, 103 Idaho at 300, 647 P.2d at 756.

Furthermore, the word "likely" in the Application is open to interpretation. This is problematic at this stage in the litigation because the Court is asked to determine whether Plaintiff was aware of a specific circumstance likely to result in a claim. What is "likely" to result in a claim under the coverage is subject to differing interpretations and both parties provide a reasonable argument in support of their respective positions. Because the provision is ambiguous, it is a question of fact to be resolved at trial, and summary judgment is not appropriate.

MEMORANDUM OF DECISION − 12

Moreover, even if the Court were to determine at this stage which of the conflicting provisions controls and what actions were "likely" to result in a claim, and assuming arguendo that Plaintiff omitted specific circumstances in its Application, the Court would then need to determine whether that omission was material. The parties dispute the extent to which the claims in the underlying lawsuit are the same omitted "wrongful acts" which would render the policy void. Dkt. 28, Ex. 1, ¶ 30. Presumably, if the underlying lawsuits were based on different claims, the omission may not be material. If the underlying lawsuits are based on the same claims, the omission may be material. Determining whether a breach occurred as well as the materiality of that breach is a question of fact reserved for trial. *City of Meridian v. Petra Inc.*, 154 Idaho at 443, 299 P.3d at 250.

Plaintiff's motion for summary judgment on its breach of contract claim will be denied.

B.  Declaratory Judgment under 28 U.S.C. § 2201(a)

Plaintiff's complaint seeks a declaratory judgment under 28 U.S.C. § 2201(a), commonly referred to as the "Declaratory Judgment Act," that Defendant is obligated to pay Plaintiff the value of reimbursable invoices pursuant to the D&O Policy. The Declaratory Judgment Act provides:

> (a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

MEMORANDUM OF DECISION − 13

28 U.S.C. § 2201(a).[2]

Under the Declaratory Judgment Act, Congress "enlarged the range of remedies available in federal court, but did not extend their jurisdiction." *Loewenstein v. United States Dept. of Educ. (In re Loewenstein)*, No. AP 17-06021-JDP, 2018 WL 3763247, at *3 (Bankr. D. Idaho Aug. 7, 2018) (quoting *Wang v. Cherthoff*, 676 F. Supp. 2d 1086, 1095 (D. Idaho 2009)).

Plaintiff's first claim for relief seeking a declaratory judgment is closely related to its breach of contract claim and must be denied for the same reasons enumerated above. Declaring the rights of the parties under the contract requires this Court to interpret the contract. The Court first begins its analysis by examining the contract itself. Only if the language is unambiguous can this Court determine its meaning as a matter of law. *Mut. of Enumclaw Ins. Co. v. Roberts*, 128 Idaho at 235, 912 P.2d at 122. As stated above, however, the contract language itself is ambiguous and reasonably subject to differing interpretations. Therefore, interpreting the contract is a question of fact to be resolved at trial. *Moss v. Mid–America Fire and Marine Ins. Co.*, 103 Idaho at 300, 647 P.2d at 756. This question of fact is material because it determines the rights of the parties under the policy, the very basis of this dispute. Summary Judgment on Plaintiff's first claim for relief will therefore be denied.

---

[2] 28 U.S.C. § 2201(a) contains several exceptions which were omitted from the quotation above, none of which are pertinent in this case.

MEMORANDUM OF DECISION − 14

*Conclusion*

Plaintiff has failed to establish its burden that there is no material dispute of fact remaining for trial for the reasons stated above. Plaintiff's motion for summary judgment, Dkt. No. 26, will be denied in its entirety.

A separate order will be entered.

DATED: March 31, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION – 15